# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-913-RBJ-KMT

NICHOLAS EDWARD ORTEGA,

      Plaintiff,

v.

JOHN F. KERRY, United States Secretary of State;
JEH C. JOHNSON, United States Secretary of Homeland
Security ; LORI SCIALABBA, United States
Citizenship and Immigration Services Acting Director; and
ANDREW LAMBRECHT, United States Citizenship
and Immigration Services Colorado Field Office Director,

      Defendants.

## PROTECTIVE ORDER

In the course of discovery, the parties anticipate the production of documents containing identifying information relating to third parties not participating in this lawsuit.  This identifying information is contained within various agency records and databases, including individual alien files and passport files, some of which are in the possession, custody, and control of Defendants and Defendants' counsel.  Defendants agree to produce to Plaintiff unredacted records relating to him, and (where appropriate and allowable by law) third parties, subject to entry of the following protective order, in accordance with the Privacy Act of 1974, 5 U.S.C. § 552a, to which the parties have stipulated.

WHEREFORE, at the request of counsel for Plaintiff and counsel for Defendants ("the Parties"),

IT IS HEREBY ORDERED that in accordance with the terms of this Privacy Act protective order, pursuant to 5 U.S.C. § 552a(b)(11), Defendants are authorized to release to counsel for Plaintiff, and to the Court in this case, discovery containing unredacted identifying information of third parties, without obtaining prior written consent of third parties whose names, addresses, birth dates, and other identifying information may be present in such documents.  Such disclosure is subject to the following conditions:

1.  The Parties agree that the terms of this protective order will govern the entirety of any alien registration file, any passport file, any and all immigration files, any law enforcement report, or any other discovery that contains Privacy Act material, as well as any copies or summaries made thereof and any information derived therefrom, including any materials that any party has previously produced in discovery or will produce through any further discovery taken in this case.

2.  To the extent that the federal government produces any documents or records that contain third-party names, addresses, birth dates, or any other identifying information (i.e., information the use of which would allow the identification of the person to whom the information relates), such identifying information shall be deemed confidential (in the ordinary sense) and protected by this protective order.  All such Privacy Act information is subject to this protective order and may be used solely for purposes of this litigation – *Nicholas Ortega v. John Kerry et al.*, D. Co. 14-cv-913 – including any appeal of any decision(s) this Court issues with respect to this litigation.

3.  Counsel for Defendants shall designate documents containing confidential information as confidential by placing the words "COVERED BY PROTECTIVE ORDER" on them or on any copies thereof, or any cover sheets thereon.

4. Protected information may be disclosed only to the following persons and only to the extent necessary for the prosecution of this action:

    a. counsel for Plaintiff, Plaintiff, and any support staff of such counsel assisting in this action;

    b. the Court and its personnel, including court reporters;

    c. individuals whose testimony is contemplated or actually taken in this action, but only to the extent necessary to elicit testimony concerning the subject matter of information or records produced subject to this protective order;

    d. expert witnesses or consultants retained by Plaintiff or Defendants;

    e. the author of the document or the original source of the information; and

    f. any Court of Appeals and its personnel, in the event of an appeal of any decision this Court issues with respect to this litigation.

5. This order does not prohibit or otherwise effect a waiver of any other privilege (e.g., law enforcement privilege, attorney client privilege, deliberative process privilege, etc.) that Defendants might assert. Plaintiff reserves the right to file a motion to compel for any redacted information.

6. All persons listed in Paragraph 4(a) above to whom identifying information is disclosed are hereby prohibited from disclosing to, or otherwise discussing with, any person other than those listed in 4(b)-(f) above, any confidential information, except as provided in this protective order.

7. To the extent that third-party identifying information is discussed in the course of a deposition, such confidential information must be designated as such by so indicating on the

record at the deposition, and the relevant portions of the deposition transcript shall be placed under seal, unless a release is obtained from the individual to whom the identifying information pertains, authorizing the disclosure of such information.

8.  No protected documents or information shall be used at any hearing, trial or appellate proceeding in this action, unless provision shall be made for exclusion of the public or unless some other reasonable provision to protect confidentiality has been made.  Where protected documents or information is used at a hearing, trial or appellate proceeding in this action, the appropriate portion of the court transcript shall be placed under seal.  Such designation shall be limited to those portions of the transcript the sealing of which is reasonably necessary to preserve the confidentiality of documents, as well as copies or summaries made thereof and any information derived therefrom, which are subject to the terms of this protective order.

9.  Inadvertent disclosure of any document or other information during discovery in this action shall be without prejudice to any claims that such material is confidential, privileged, or otherwise protected from discovery within the meaning of Federal Rule of Civil Procedure 26, and no party to this protective order shall be held to have waived any rights by such inadvertent disclosure.  Any document or information so produced and subject to a subsequent claim of privilege, work product or other protection, including protection under this protective order, shall be returned immediately to the appropriate party, and such document or information shall not be introduced into evidence in this or any other proceeding by any person without either (i) the consent of said party, or (ii) order of the Court; nor will such document or information be subject to production (other than in camera) in any proceeding by virtue of the fact that it was inadvertently produced in this proceeding.

10. Within 30 days of the final conclusion of this litigation, including any appeals, counsel for Plaintiff shall collect all documents produced pursuant to this protective order that contain third-party identifying information, as well as any copies thereof, or any information and notes derived therefrom, and shall return such documents to counsel for Defendants pursuant to the terms of this protective order. Alternatively, counsel for Plaintiff shall destroy said documents by shredding them and provide counsel for Defendants with verification of destruction within 30 days of the final conclusion of this litigation, including any appeals.

11. Agreement to this protective order does not waive any rights of any party to assert a claim of privilege as to these or similar documents.

12. Nothing in this agreement shall be deemed to restrict in any manner the use by any party of its own documents or materials.

13. Nothing in this agreement shall affect the right of any party to seek additional protection against the disclosure of documents or materials.

15. Any party may apply to this Court at any time, upon proper notice, for a modification of this protective order with respect to the handling or designation of any document or for any other purpose.

16. This order shall be binding upon any present and future party to the *Ortega v. Kerry, et al.* litigation, D. Co. 14-cv-913, including any appeal of any decision(s) of this Court with respect to this litigation.

Done on July 7, 2014, at Denver, Colorado.

_____
Judge R. Brooke Jackson
United States District Judge

5